UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH LEMONT FARMER,<br>    No. 401959, | )<br>)<br>) |
|     Plaintiff, | )    No. 3:17-cv-01356<br>)    Judge Trauger |
| v. | )<br>) |
| RON MUNKEBOE, *et al.*, | )<br>) |
|     Defendants. | ) |

## **M E M O R A N D U M**

Plaintiff, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Ron Munkeboe, Kara L. Everett, Leon Ruben, Carolyn Piphus, Harold Dean Haney, Assistant District Attorney, Judge Monte D. Watkins, and Bill Haslam, alleging violations of his civil rights and state law. (Docket No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.    Section 1983 Standard**

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1 at 1). Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a

2

right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Motions

Subsequent to the filing of his complaint, the plaintiff filed numerous motions. The court will address each motion in turn before completing the required screening pursuant to the PLRA.

#### A. Motions to amend the complaint

First, the plaintiff filed a Declaration (Docket No. 5) in which he asks the court to amend his complaint to allege a First Amendment denial of access to the courts claim against Corporal f/n/u Bentley, corrections officer f/n/u Tinsley, and Warden LeBoore. The plaintiff alleges that these defendants are not the delivering to the plaintiff mail sent to him from this court and the Eastern District of Tennessee. (*Id.* at 3).

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

The plaintiff filed the motion to amend shortly after the filing of his complaint. There appears to be no undue prejudice to the opposing party by permitting the plaintiff to amend his complaint at this time; the defendants have not been served. With regard to the consideration of futility of an amendment, the law is well settled that a prisoner has a First Amendment right of

3

access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-823 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id*. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for a plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Here, the plaintiff alleges that three individuals are not delivering mail from two federal district courts. However, the plaintiff has not alleged that he has been prejudiced in filing this instant lawsuit or has suffered any litigation related detriment to either this case or another case. In fact case, the plaintiff submitted a 159 page complaint and multiple motions in this case alone. While he claims that he has not been able to respond to orders from the court, he has not pointed to anything specific to demonstrate that he incurred a legal detriment to this lawsuit or another action. Because the plaintiff has not shown that he sustained an actual injury in his efforts to litigate, if the court allowed the plaintiff to amend his complaint to allege denial of access to courts claims, the claims would be subject to dismissal under the PLRA for failure to state claims upon which relief

4

can be granted. Therefore, the court finds that the plaintiff should not be permitted to amend his complaint to assert these new claims.

Next, the plaintiff filed a motion for leave to file an amended complaint on November 3, 2017. (Docket No. 7). In his motion, the plaintiff seeks to clarify the capacity in which he sues the defendants named in the original complaint. The court finds that the proposed amendments to the complaint are appropriate under Rule 15(a), and the plaintiff will be permitted to amend his complaint to assert that all named defendants are sued in their individual capacities only.

The plaintiff later filed another motion to amend his complaint. (Docket No. 15). In the motion, the plaintiff requests to be released from custody. (*Id.* at 1). He asks the court to mail him a blank form for filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The court will grant the motion because it informs the court as to the plaintiff's intent in filing the instant action, and the Clerk will mail the plaintiff the requested form.

On March 8, 2018, the plaintiff filed a motion for leave to file an amended complaint "adding a party of proof." (Docket No. 20). The plaintiff wants the court to subpoena a witness, Mrs. Erin Coleman, who the plaintiff contends has information relevant to his claim that his arrest warrant was not signed or was falsified in some way. (*Id.* at 1). These claims fall under the *Heck* bar discussed herein at pages 14 and 15 and therefore are not appropriately brought in a § 1983 complaint. Consequently, an amendment to add Mrs. Fowler's information to the complaint would be futile as the claims which her testimony would support are subject to dismissal. The plaintiff's request for leave to file an amended complaint, therefore, will be denied.

B.      "Motion Jury to be Pick after Defendants and Plaintiff been Polygraphed"

The plaintiff filed a motion asking the court to administer polygraph tests to the plaintiff and all defendants prior to jury selection. (Docket No. 8). The plaintiff's request regarding jury selection is premature as his claims have not yet been screened pursuant to the PLRA. Consequently, the plaintiff's motion will be denied.

### C. Motion for the appointment of counsel

The plaintiff filed a motion requesting the appointment of counsel. (Docket No. 14). He states that he is unable to afford an attorney, his imprisonment limits his ability to litigate effectively, and a trial in this case will involve conflicting testimony so an attorney would be better able to cross examine witnesses. (*Id*. at 1).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The plaintiff's circumstances as described are typical to most prisoners and do not suggest anything exceptional in nature. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (*pro se* litigant); *Richmond v. Settles*, 450 Fed. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, *pro se* litigants). The motion for the appointment of counsel will be denied.

### D. Motions to add declarations to the record

The plaintiff filed three motions to add declarations to the record. (Docket Nos. 10, 16, 23). In his first and third motions,[1] he seeks to add the language of Tennessee statutes to the record. (Docket Nos. 10 at 1, 23 at 1). The court takes notice of the plaintiff's requests for the court to consider the particular statutes. However, there is no need to include a copy of the statutes into the record. Therefore, the plaintiff's motions (Docket Nos. 10, 23) will be denied.

As to the plaintiff's second motion, the plaintiff essentially is attempting to bolster the allegations of his complaint with a personal affidavit. The court will grant the plaintiff's motion (Docket No. 16) and consider the contents of the declaration.

### E. Motion to request order of release of the plaintiff's mental health records

The plaintiff filed a motion asking the court to order the release of the plaintiff's mental health records. (Docket No. 11). A motion pertaining to discovery is premature and will be denied without prejudice.

### F. Motion seeking declaratory relief

The plaintiff filed a motion "seeking declaratory relief" in which he appears to be asking the court to permit certain individuals to submit documents or affidavits of testimony in lieu of a court appearance in this action. (Docket No. 17). This motion is premature and will be denied.

### G. Motion "due Rule 60 relief"

The plaintiff filed a motion seeking relief under Federal Rule of Civil Procedure 60. (Docket No. 18). In the motion, as in the plaintiff's other filings in this court, the plaintiff alleges that the

---

[1] In his third motion, the plaintiff also offers various legal arguments as to why he believes he should prevail in this case. (Docket No. 23). The court considered the plaintiff's arguments in conducting the required PLRA screening.

defendants committed fraud by forging documents in his underlying state criminal case. This argument is not appropriate for a Rule 60 motion and the plaintiff's motion will be denied without prejudice.

### H.    Motion to have hearings conducted at the jail

The plaintiff filed a motion asking the court to hold hearings in this case at the jail or by teleconference. (Docket No. 19). No hearings are needed in this case; as a result, the plaintiff's motion will be denied as moot.

### I.    Motion seeking discovery

The plaintiff filed a motion seeking discovery from the defendants. (Docket No. 21). This motion is premature and will be denied.

### J.    Motion "to add unto record"

The plaintiff submitted a motion "to add unto record" (Docket No. 25), which essentially consists of the plaintiff's arguments concerning his malicious prosecution claims and claims against attorney Kara Everett. As the court explains in detail in this memorandum at pages 9-11, the plaintiff's malicious prosecution claims and claims against Ms. Everett fail to state claims upon which relief can be granted pursuant to § 1983. As such, the plaintiff's motion (Docket No. 25) will be denied.

## IV.    Alleged Facts

The *pro se* complaint consists of 159 handwritten pages. The court will recount only the allegations pertinent to the court's required PLRA screening.

The complaint alleges that the plaintiff was "falsely sentenced by fr[a]ud <and> prosecutorial misconduct due T.C.A. Code § 39-16-402. This was within <malic[i]ous intent> to wrongfully entry

of judgment stentencing on July 23rd of 2012 against Plaintiff due falsify affidavit (and) arrest warrant . . . ." (Docket No. 1 at 17).

The complaint alleges that the plaintiff was not provided with effective representation by attorneys Ron Munekboe and Kara L. Everett with regard to an unspecified state criminal charge in 2012. The complaint further alleges that various state procedures and safeguards were not followed during proceedings related to this state criminal charge. Additionally, the complaint alleges that state judges Leon Ruben, Carolyn Piphus, and Monte Watkins violated state law and the plaintiff's due process rights. The complaint also alleges that an unidentified prosecutor committed prosecutorial misconduct and fraud.

The complaint further alleges that the defendants' actions constituted cruel and unusual punishment. In addition, the complaint alleges that but for the defendants' wrongful behavior, the plaintiff would not have been convicted and sentenced as he was; he maintains he is serving "an illegal sentence." (*Id.* at 39).

## V. PLRA Screening

### A. Malicious prosecution claims

To the extent that the complaint alleges federal malicious prosecution claims against any defendant, "[t]he Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Barnes v. Wright*, 449 F.3d 709, 715–16 (6th Cir. 2006)). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution tort 'remedies detention accompanied not by absence of legal process, but by wrongful institution of

legal process.'" *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)).

To succeed on such a claim, the plaintiff must show that (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty; and *(*4) the criminal proceeding has been resolved in the plaintiff's favor. *Id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that, to recover damages under § 1983 for an allegedly unconstitutional conviction, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

The plaintiff cannot sue prosecutors for money damages arising from the institution of criminal proceedings against him. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Therefore, the plaintiff's claims for money damages against the as-yet-identified assistant district attorney for these activities are barred by absolute prosecutorial immunity. *Id.* at 427–28; *Burns v. Reed*, 500 U.S. 478, 490–492, 111 S. Ct. 1934, 114 L.Ed.2d 547 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). Furthermore, the complaint does not allege that plaintiff's conviction or sentence has been reversed, expunged, declared invalid, or called into question by a

federal court's issuance of a writ of habeas corpus. Thus, the plaintiff's malicious prosecution claims against all defendants will be dismissed.

### B. Claims against attorneys

With regard to the plaintiff's claims against attorneys Ron Munkeboe, Kara L. Everett, and Leon Ruben, courts have uniformly held that an attorney, whether appointed or retained and whether in state or federal court, is not acting under color of law for purposes of § 1983. *Mills v. Davis,* 2014 WL 2893215, at *4 (E.D. Tenn. June 24, 2014)(citations omitted). Thus, even if Munkeboe, Everett, and/or Ruben were appointed by the state, they acted as the state's adversaries and were not acting on the state's behalf. Thus, with regard to the representation of the plaintiff, none of the attorneys named as defendants to this action were transformed into a state official acting under color of state law for purposes of § 1983, and the plaintiff's § 1983 claims against Munkeboe, Everett, and Ruben must be dismissed.

### C. Civil conspiracy claims

Interpreting the complaint liberally, the complaint alleges that the plaintiff's conviction was part of a larger, more far-reaching conspiracy to incarcerate the plaintiff between a number of defendants, including judges, police officers, and prosecutors. The Sixth Circuit has defined a civil conspiracy under 42 U.S.C § 1983 as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not know all of the details of the illegal plan or all of the participants involved. All that must be shown is that there is a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835-36 (6th Cir. 2010). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. *Id.*

As to the existence of a conspiracy to incarcerate the plaintiff, the complaint's allegations are rambling and conclusory. Having reviewed the complaint and supporting material, the court finds that the plaintiff's allegations of a civil conspiracy between the defendants do not survive the PLRA's screening, and any such claims will be dismissed.

**D.     Abstention**

As the court understands the pleadings, the state criminal proceedings against the plaintiff have concluded. However, to the extent that the complaint asks the court to intervene in pending state criminal proceedings and investigations against the plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998). The burden on a plaintiff is high, and the allegations of the instant complaint do not suggest that any exception to the *Younger* doctrine is warranted in this case at this time.

**E.     Claims against judges**

The complaint names three state court judges as defendants in their individual capacities. Under the doctrine of judicial immunity, a judge has absolute immunity from suit both from money damages and injunctive relief for his or her judicial acts. *Bradley v. Fisher*, 13 Wall. 335, 80 U.S.

335, 20 L.Ed. 646 (1871) (judicial officials are exempt from civil action for judicial acts); *see also Butz v. Economou*, 438 U.S. 478, 98 S. Ct. 2894, 57 L.Ed.2d 895 (1978), *Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003). Judicial immunity is an immunity from suit, not just immunity from the assessment of money damages. *Mireles*, 502 U.S. at 11. Because a plaintiff's allegations of bad faith, malice, or corruption against a judge cannot overcome absolute judicial immunity from suit, a judge is entitled to have a suit accusing him or her of acting in bad faith, maliciously, or corruptly dismissed on the basis of judicial immunity. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable here. A judge is not immune from liability for non-judicial actions, *i.e.,* actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable because the alleged acts of the judges in plaintiff's criminal case were judicial acts taken in the course of judicial capacity and were not committed in the complete absence of all jurisdiction. Therefore, the three judges named as defendants in their individual capacities are absolutely immune from this civil suit.

    **F.**    **Claims against Governor Haslam**

Although the plaintiff named Governor Haslam as a defendant in his individual capacity, the plaintiff failed to identified the role that Governor Haslam played in the alleged violation of the plaintiff's civil rights. Mere speculation does not entitle a plaintiff to relief under 42 U.S.C. § 1983. *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997). Consequently, as to defendant Haslam, the plaintiff has failed to state claims upon which relief can be granted. The claims against Haslam, therefore, will be dismissed.

### G. Cruel and unusual punishment claims

The complaint alleges that the defendants' actions constituted cruel and unusual punishment of the plaintiff in violation of the Eighth Amendment. The Constitution does not protect a prisoner from unpleasant prison experiences. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Nor does the Constitution mandate comfortable conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 101 S. Ct. 2400, 69 L.Ed.2d 59 (1981). However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

Here, the actions about which the plaintiff complains are not related to the conditions of the plaintiff's confinement. Instead, the complaint alleges that the plaintiff's arrest, conviction, sentencing, and continued confinement constitute cruel and unusual punishment. However, such allegations do not state actionable Eighth Amendment claims of cruel and unusual punishment; the allegations pertain to the fact and duration of the plaintiff's confinement and should be raised and resolved in a *habeas corpus* petition. The court will address these allegations below.

### H. *Heck* claims

The majority of the allegations in the complaint sound in *habeas corpus,* and such claims are not appropriately brought in a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added).

A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Under *Heck*, the court cannot grant the relief requested (release from custody) by the plaintiff. The plaintiff's claims concerning the validity of his sentence, his continued confinement, and his complaints against the quality of his lawyers' representation would be more appropriately brought in a separate petition for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed without prejudice, should the plaintiff wish to pursue them via the appropriate legal route.

**VI.    Conclusion**

For the reasons discussed above, the following motions by the plaintiff will be granted: motion for leave to file an amended complaint (Docket No. 7), motion to amend the complaint (Docket No. 15), and motion to add declaration to the record (Docket No.16). Conversely, the following motions will be denied: "Motion Jury to be Pick after Defendants and Plaintiff been

Polygraphed" (Docket No. 8), motion to add declaration to the record (Docket No. 10), motion for the appointment of counsel (Docket No. 14), motion to request order of release of the plaintiff's mental health records (Docket No. 11), motion seeking declaratory relief (Docket No. 17), motion due Rule 60 (Docket No. 18), motion to conduct hearings at the jail (Docket No. 19), motion for leave to file an amended complaint (Docket No. 20), motion for discovery (Docket No. 21), motion to add to the record (Docket No. 23), and motion "to add unto record (Docket No. 25).

Having screened the amended complaint pursuant to the PLRA, the court finds that the complaint fails to state claims upon which relief can be granted. Consequently, all claims against all defendants will be dismissed.

This dismissal will be without prejudice to the plaintiff's ability to pursue any remedies available to him by way of a petition for writ of *habeas corpus*.

An appropriate order will be entered.

					_____
					Aleta A. Trauger
					United States District Judge