# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KEITH LAMONT FARMER,** | ) |
| **Plaintiff,** | ) |
| v. | ) No. 3:17-cv-01356 <br> ) **Judge Trauger** |
| **RON MUNKEBOE,** *et al.*, | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is a "motion for a temporary injunction and or TRO" filed by Keith Lamont Farmer, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee. (Doc. No. 28).

In October 2017, the plaintiff filed a pro se action under 42 U.S.C. § 1983 against Ron Munkeboe, Kara L. Everett, Leon Ruben, Carolyn Piphus, Harold Dean Haney, Assistant District Attorney, Judge Monte D. Watkins, and Bill Haslam, alleging violations of his civil rights and state law. (Doc. No. 1). By order and memorandum entered on May 29, 2018, the court determined that the plaintiff's complaint failed to state claims under 42 U.S.C. § 1983 upon which relief can be granted and dismissed all claims and defendants. (Doc. Nos. 26 and 27). In that same order and memorandum, the court ruled on a number of motions filed by the plaintiff. (*Id*.)

The plaintiff filed his motion seeking temporary injunctive relief after the court dismissed this action on May 29, 2018. However, it is likely that the plaintiff mailed his motion prior to receiving the court's order and memorandum dismissing his case. (*See* Doc. No. 28 at 6, 8) (reflecting that the plaintiff signed his motion on May 31, 2018, and the envelope is postmarked June 1, 2018). Out of an abundance of caution, the court will consider the motion.

1

Federal Rule of Civil Procedure 65 governs the Court's power to grant injunctive relief, including temporary restraining orders without notice. Fed. R. Civ. P. 65(b). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." *Stenberg v. Checker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978) (internal citations omitted). "Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). Further, where "a preliminary injunction is mandatory—that is, where its terms would alter, rather than preserve, the status quo by commanding some positive action . . . the requested relief should be denied unless the facts and law clearly favor the moving party." *Glauser-Nagy v. Med. Mut. of Ohio*, 987 F. Supp. 1002, 1011 (N.D. Ohio 1997).

In determining whether to issue a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65, a district court must consider the following four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local*

*1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (noting that the same four factors apply regardless of whether the injunctive relief sought is a TRO or a preliminary injunction). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009) (internal quotations omitted).

In this case, a careful balancing of the factors weighs against granting the plaintiff's request for emergency or temporary injunctive relief.

First, under controlling Sixth Circuit authority, the plaintiff's "initial burden" in demonstrating entitlement to injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield*, 866 F.2d 162, 167 (6th Cir. 1989). Here, however, the court already has reviewed the plaintiff's complaint pursuant to the Prison Litigation Reform Act and determined that the plaintiff's malicious prosecution, civil conspiracy, cruel and unusual punishment claims, and *Heck* claims against all defendants, including the named attorneys, judges, and Governor Haslam, fail to state claims upon which relief can be granted under § 1983. (Doc. No. 26 at 9-15). Therefore, the plaintiff cannot demonstrate a likelihood of success on the merits.

With regard to the second factor, the plaintiff asks for an injunction or temporary restraining order "enjoining criminal court of Davidson County et al/defendant's, his agents, servants, employees, attorneys, and all persons in active concert or participation with them from (Qualified Immunity)." (Doc. No. 28 at 1). As the court understands it, the plaintiff is asking this court to enjoin, or restrict, the actions of a state court and its employees as well as the actions of attorneys appearing before the state court. This request appears to be related to the allegations raised in the complaint that the plaintiff was "falsely sentenced by fr[a]ud <and> prosecutorial misconduct due T.C.A. Code § 39-16-402. This was within <malic[i]ous intent> to wrongfully

3

entry of judgment sentencing on July 23rd of 2012 against Plaintiff due falsify affidavit (and) arrest warrant . . . ."; that the plaintiff was not provided with effective representation by attorneys Ron Munekboe and Kara L. Everett with regard to an unspecified state criminal charge in 2012; that various state procedures and safeguards were not followed during proceedings related to this state criminal charge; that state judges Leon Ruben, Carolyn Piphus, and Monte Watkins violated state law and the plaintiff's due process rights; and that an unidentified prosecutor committed prosecutorial misconduct and fraud. (Doc. Nos. 1, Doc. No. 26 at 8-9).

The court previously considered these allegations. The court cannot provide the relief the plaintiff now seeks for a number of reasons: because his allegations fail to state claims upon which relief may be granted under federal law; the defendants are immune from liability; the defendants were not state actors for purposes of § 1983; the court cannot interfere with pending state court proceedings; and/or the court cannot grant the requested relief under *Heck v. Humphrey*, 512 U.S. 477 (1994), all of which the court explained at length in its prior memorandum. (Doc. No. 26 at 8-15). Furthermore, to the extent that the plaintiff asks the court to find that any defendant is not entitled to qualified immunity, the plaintiff's request is denied; there are no active claims against any defendant in this case and the court will not and cannot rule on any legal issues pending in the plaintiff's state court action. Consequently, with regard to the second factor, the court is unable to find that the plaintiff is likely to suffer irreparable harm absent preliminary injunctive relief.

And, while it appears that no third parties would be harmed if the preliminary injunction were issued, neither does it appear that any public interest would be served.

In summary, the court finds that the plaintiff has not borne his burden for issuance of temporary injunctive relief. The plaintiff's allegations do not clearly demonstrate the likelihood

4

of immediate and irreparable harm. Accordingly, the plaintiff's motion (Doc. No. 28) is hereby **DENIED**.

This action is closed. Judgment shall be entered pursuant to this order and the court's prior order and accompanying memorandum. (Doc. Nos. 26 and 27).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge